**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-7294**

BRYAN GOYER,

        Petitioner - Appellant,

    v.

PAUL ADAMS,

        Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cv-00009-JPB-JPM)

Submitted:  January 31, 2022                 Decided:  March 15, 2022

Before MOTZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Bryan Goyer, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Goyer seeks to appeal the district court's order dismissing his 28 U.S.C. § 2241 petition without prejudice for failure to state a claim. In a civil case, when the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). Under Rule 4(a)(5), the district court may extend the time to appeal if (i) a party moves for an extension of time within 30 days of the expiration of the appeal period and (ii) shows excusable neglect or good cause. Under Rule 4(a)(6), the district court may reopen the appeal period if the litigant did not timely receive notice of the court's judgment. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order dismissing Goyer's § 2241 petition on May 24, 2021, thereby affording Goyer until July 23, 2021, to file a notice of appeal. Goyer filed both a notice of appeal and a motion to reinstate the appeal period on August 2, 2021.[*] Goyer's motion, which was filed after the appeal period expired, but within the 30-day excusable neglect period, acknowledged that he had received the court's judgment but presented an excuse for the untimeliness of his appeal. The court construed Goyer's motion

[*] While Goyer's notice of appeal is dated May 31, his motion to reinstate the appeal period is dated August 2 and both filings were received by the district court in the same envelope, which was postmarked August 3. For the purpose of this appeal, we assume that August 2 is the earliest date Goyer could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

as arising under Rule 4(a)(6) and denied it, based on Goyer's receipt of the court's judgment in May. However, Goyer did not contend that he did not timely receive notice of the district court's judgment. Rather, Goyer's motion presented an excuse for the untimeliness of his notice of appeal, and that motion and the notice of appeal were filed during the 30-day excusable neglect period. We construe the motion as a timely request for an extension of the appeal period pursuant to Rule 4(a)(5). Accordingly, we remand this case to the district court for the limited purpose of determining whether Goyer has demonstrated excusable neglect or good cause warranting an extension of the appeal period. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*